United States District Court
Southern District of Texas
**ENTERED**
October 18, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WAYNE JOSLIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-cv-02138 |
| | § | |
| MARTEN TRANSPORT, LTD., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Wayne Joslin ("Joslin") originally filed this negligence action in the 11th Judicial District Court of Harris County, Texas against Marten Transport, Ltd. ("Marten Transport"). The Original Petition alleges that, on February 9, 2022, Joslin was operating a forklift while loading an 18-wheeler tractor-trailer owned and operated by Marten Transport. After he picked up a pallet and entered the back of the 18-wheeler on the forklift, Joslin claims the Marten Transport truck driver suddenly, and without warning, began to drive away, causing the forklift to fall to the ground. To avoid being crushed, Joslin claims that he "jumped from the forklift to the ground and upon landing suffered painful and debilitating injuries requiring medical treatment." Dkt. 1-4 at 2. Joslin did not know the identity of the Marten Transport truck driver when he filed the state court lawsuit.

Marten Transport timely removed this matter to federal court on the basis of diversity jurisdiction. Joslin is a Texas resident. Marten Transport is a Delaware corporation with its principal place of business in Wisconsin.

Shortly after this case was removed, Joslin and Marten Transport made their initial disclosures as required by the Federal Rules of Civil Procedure. Marten Transport disclosed the identity of the truck driver: Courtney Dudley ("Dudley"). Dudley is a Texas citizen. On August 23, 2022, just four days after learning the name of the truck driver, Joslin filed a Motion for Leave to File First Amended

Complaint and Motion to Remand, seeking to add Dudley as an additional defendant. *See* Dkt. 5. Marten Transport opposes the motion.

Although the general rule is that leave to amend a complaint shall be readily allowed, a unique situation arises when a plaintiff seeks to amend a complaint by adding a non-diverse party to a case previously removed to federal court. In such a case, the district court's decision on whether to permit the filing of an amended complaint will determine whether the case ultimately proceeds in state or federal court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder [and retain jurisdiction], or permit joinder and remand the action to the State court."). Because of the importance such an amendment will have on the forum in which the case is litigated, the Fifth Circuit has held that the district court should "scrutinize that amendment more closely than an ordinary amendment" and "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit identified four factors a district court must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other equitable factors. *See id.*; *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors."). All four *Hensgens* factors weigh strongly in favor of allowing Joslin to amend his complaint.

The first factor is the extent to which the purpose of the amendment is to defeat federal jurisdiction. "Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the

2

amendment is to destroy diversity jurisdiction." *Lowe v. Singh*, No. Civ. A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (quoting *Schindler v. Charles Schwab & Co.*, No. Civ. A. 05–0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2006)). "However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Id.* at *2.

In this case, there is no indication that the purpose of the amendment is to defeat diversity. It is undisputed that Joslin did not know the identity of the truck driver when the state court lawsuit was filed. And there is no suggestion that Joslin should have known the truck driver's name when he originally filed this lawsuit in state court. Significantly, Marten Transport expressly acknowledges that Joslin has potentially stated a "facially valid" claim against Dudley. Dkt. 6 at 4; *see also Cola v. Dow Chem. Co.*, No. 3:19-CV-00199, 2019 WL 5558247, at *4 (S.D. Tex. Oct. 1, 2019) ("[A]n employee who causes an automobile accident may be held individually liable along with his employer because the employee 'owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer.'" (quoting *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996))). Nonetheless, Marten Transport argues that because "Dudley acted within the course and scope of her duties as a Marten [Transport] employee at all relevant times," and Joslin does not seek any new or different relief from Dudley compared to what he sought—and still seeks—from Marten, I should automatically conclude that the real purpose of the amendment is to add a non-diverse defendant to defeat diversity. Dkt. 6 at 4. Unsurprisingly, Marten Transport cannot cite a single case to support the novel concept that a plaintiff should be prohibited from adding a potentially responsible defendant to the case after removal even though he had no idea of the potential defendant's identity before removal.

Additionally, there are good reasons why Joslin might want to add Dudley to the case even though he could obtain relief against Marten Transport. Assume Joslin obtains a monetary judgment against Marten Transport, but then Marten Transport declares bankruptcy. That would, hypothetically, leave Joslin without a remedy even though there is a potentially liable party (Dudley) waiting in the wings. Such a situation could be avoided if Joslin is permitted to add Dudley—another potential source of funds to satisfy a damages award—as a defendant in the lawsuit. Some courts have gone so far as to hold "that as long as a plaintiff states a valid claim against the non-diverse defendant, then the purpose of the amendment is not to destroy diversity jurisdiction." *Martin v. Walmart, Inc.*, No. CV 3:22-00256, 2022 WL 2253797, at *5 (W.D. La. May 26, 2022). I am not willing to go that far. But when a plaintiff (1) did not know—and had no reason to know—the identity of the non-diverse defendant at the time the state court complaint was filed, and (2) can state a valid claim against a new defendant, it is an easy call. The purpose of such an amendment is not to destroy diversity jurisdiction.

The second *Hensgens* factor asks whether the plaintiff has been dilatory in asking for the amendment. By any measure, Joslin has not been dilatory in asking for the amendment. He learned the name of the Marten Transport employee involved in the accident on August 19, 2022, when the company identified Dudley in its initial disclosures. Just four days later, Joslin asked to file a First Amended Complaint attempting to add Dudley as a named defendant. Marten Transport admits that this factor favors permitting leave.

The third *Hensgens* factor requires me to consider whether Joslin will be prejudiced if he is not allowed to file an amended complaint. This factor also tilts in favor of allowing an amendment because "denial of the amendment would significantly injure [Joslin] by forcing [him] to undergo the delay and expense of trying in two courts what was essentially the same action." *Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001).

The fourth factor asks if there are any equitable factors that militate against allowing amendment. Marten Transport argues that allowing Joslin to add a non-diverse party to the lawsuit will likely result in significant delays in restarting discovery once the case is remanded to state court. In making this argument, Marten Transport notes that the parties have already served discovery requests, exchanged initial disclosures, and produced relevant documents in the federal forum. That might be true, but "there [have] been no substantive Motions filed in this case, nor has there been a substantial amount of discovery, and the discovery already conducted in this suit, will not be wasted; instead, it may simply be used in the state court proceeding after remand." *Mitchell v. Wal-Mart Stores, Inc.*, No. CV 6:15-2506, 2016 WL 447721, at *5 (W.D. La. Feb. 4, 2016). If I adopt Marten Transport's logic, I would never allow a plaintiff in a removed case to add a non-diverse defendant because there will always be a delay, no matter how short, before the case is formally remanded to the state court for further proceedings. Considering the equities, the fourth *Hensgens* factor weighs in favor of permitting amendment.

After thoroughly analyzing the *Hensgens* factors, I conclude that Joslin should be granted leave to file an amended complaint. Accordingly, I recommend that the Motion for Leave to File First Amended Complaint and Motion to Remand (*see* Dkt. 5) be **GRANTED**.[1] To simplify matters, I also recommend that the Clerk of Court file Plaintiff's First Amended Complaint (*see* Dkt. 5 at 5–15) as a separate docket entry.

---

[1] Generally, a motion for leave to amend the pleadings is a non-dispositive matter that may be ruled on by a magistrate judge by order. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010). "However, because the decision regarding Plaintiff's Motion for Leave will determine whether this Court continues to have diversity jurisdiction over this matter, the motion is dispositive such that a report and recommendation, rather than a ruling, is being issued." *Roussell v. PBF Consultants, LLC*, No. CV 18-899, 2020 WL 5901118, at *1 n.6 (M.D. La. Sept. 18, 2020).

Once the First Amended Complaint has been properly filed, this Court will not possess subject matter jurisdiction. Complete diversity will not exist because Joslin (the plaintiff) and Dudley (one of the defendants) are both Texas citizens. As a result, I further recommend that this case be remanded to the 11th Judicial District Court of Harris County.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 18th day of October 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE